**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**GABRIEL ALBU,**

    **Plaintiff,**

**v.**                                                                                   **Case No: 5:16-cv-719-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## ORDER

Before the Court is the Commissioner's Unopposed Motion for Entry of Judgment with Remand in which Defendant requests the Court to remand this case so that the Commissioner can take further administrative action. (Doc. 18).

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548, 550 (8th Cir. 1984). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829–30 (11th Cir. 1984) (holding that remand was appropriate to allow the ALJ to explain the basis for the ALJ's determination). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an

orthopedic evaluation); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider a psychiatric report tendered to Appeals Council).

Upon review of the record and filings, I agree with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ORDERED**:

1. The Commissioner's Motion (Doc. 18) is **GRANTED** and this action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

    Upon remand, the Commissioner will further consider the period prior to July 15, 2014 by: (1) obtaining evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments, if warranted; (2) giving further consideration to Plaintiff's maximum residual functional capacity assessment, if necessary; and (3) if warranted, obtaining evidence from a vocational expert to clarify the effects of the assessed limitations on the occupational base.

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

    **DONE** and **ORDERED** in Ocala, Florida on June 23, 2017.

    _____
    PHILIP R. LAMMENS
    United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala*, 509 U.S. at 298–302.